UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, et al.,** | CASE NO. 3:14-CV-138 |
| Plaintiffs, | JUDGE THOMAS M. ROSE |
| v. | |
| **RUNYON ERECTORS, INC.** | <u>ORDER</u> |
| Defendant. | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit, Pension, and Annuity Trusts' ("Trusts") Motion for Default Judgment against the Defendants Runyon Erectors, Inc. ("Runyon Erectors"). This Court now grants the Plaintiffs' Motion for Default Judgment against Defendant Runyon Erectors in its entirety.

I.   BACKGROUND FACTS

The Trusts are three employee benefit plans. ECF #1, Complaint, 1. The Trusts entered into agreements with Defendant Runyon Erectors that required it to make contributions as stipulated in the agreements to the Trusts. *Id.,* at 6-8.  The Trusts' allegation, which now has been adopted by the Court by virtue of the entry of default judgment is that Defendant Runyon Erectors is delinquent with its contributions to the Trusts, in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and liable for all amounts

owed. Additionally, this Court finds that Defendant Runyon Erectors is in default on its obligations under settlement agreement and cognovit note it entered into with the Trusts and is now liable for the liquidated damages and interest due under those agreements.

## II. PROCEDURAL HISTORY

On May 7, 2014, Plaintiffs filed the instant action against the Defendant. ECF #1, Complaint. The summons to the Defendant was issued on May 9, 2013. ECF #2, Issuance. On May 21, 2014, service was executed on the Defendant. ECF # 3, Summons. Defendant had 24 days after service was executed to answer the Complaint pursuant to Rules 12(a)(1)(A) and 6(d) of the Federal Rules of Civil Procedure, meaning responsive pleadings were due June 16, 2014. Runyon Erectors failed to answer or otherwise defend against the Trusts' Complaint and the Trusts applied for an entry of default on June 17, 2014. ECF #4, Application. The Clerk made an entry of default against Runyon Erectors on June 19, 2014. ECF #5, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed. *See* Dkt.

## III. ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P.* 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits.

*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

The Defendant did not file an answer or responded to the entry of default. This failure to act makes clear that the Defendant has no intention of defending the current action. Therefore, default judgment and damages on the default judgment are warranted.

The Trusts provided a sworn affidavit from an employee, Peggy Gotthardt, who is responsible for monitoring employer contributions to the Trusts. Gotthardt indicated that the Defendant owes the Trusts a total of $87,785.33 in known delinquent contributions, interest, liquidated damages. Additionally, by failing to remit timely contributions to the Trusts, the Defendant violated a settlement agreement and cognovit note, causing it to owe $37,487.60 in liquidated damages and interest. Lastly, she states that the Trusts have paid or owe $9,969.75 in attorneys' fees and costs.

The Court concludes that the specific monetary damages claimed are sums certain supported by an affidavit and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Gotthardt's affidavit.

### IV. CONCLUSION

Accordingly, based on the foregoing, this Court hereby **ORDERS**:

1. Plaintiffs' motion for default judgment and damages is **GRANTED**;

2. A declaratory order finding that Defendant Runyon Erectors is bound to the Iron Workers Labor Agreement, the Trust Agreements, and the Participation Agreement.

3. A monetary judgment against Runyon Erectors in favor of Plaintiffs for all unpaid contributions, interest, and liquidated damages, as such amounts are found to be due and owing after the Trusts complete an audit of Runyon Erectors' payroll records, including,

but not limited to the $87,785.33 amount known to be owing to the Plaintiffs by Runyon Erectors from October and November 2012 from unpaid contributions, interest, and liquidated damages.

4. A declaratory judgment finding Runyon Erectors in default on of the Settlement Agreement and Cognovit Note.

5. A monetary judgment against Runyon Erectors and in favor of Plaintiffs for the liquidated damages and interested owed under the Settlement Agreement and Cognovit Note in the amount of $37,487.60.

6. A monetary judgment against Runyon Erectors in favor of Plaintiffs for Plaintiffs' attorneys' fees of $13,545.00 and other costs of $400.00 for this action.

7. A permanent injunction against Runyon Erectors pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Trusts.

8. A declaratory order from this Court requiring Runyon Erectors to comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit, should the Trusts deem such an audit necessary.

9. A declaratory order directing disgorgement of all ill-gotten gains by Runyon Erectors, including employer contributions that have been wrongfully withheld from the Plaintiffs.

10. A monetary judgment for post-judgment interest pursuant to 28 U.S.C. § 1961.

11. This Court shall retain jurisdiction over this case pending Runyon Erectors' compliance with its orders.

**IT IS SO ORDERED**

Date: July 8, 2014

s/Thomas M. Rose
Thomas M. Rose
United States District Judge

5